IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN BACKO,

    Petitioner,               No. 2:11-cv-1199 KJN P

    vs.

GARY SWARTHOUT,

    Respondent.           ORDER[1]

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        However, review of the habeas petition and attached exhibits demonstrates that petitioner is not entitled to relief on the grounds alleged, thus requiring dismissal of the petition. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("[i]f it

---

[1] Plaintiff has consented to the jurisdiction of the magistrate judge for all purposes. (Dkt. No. 4.) See 28 U.S.C. § 636(c) and E.D. Cal. L. R. ("Local Rule") 305(a).

1

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Petitioner challenges the January 8, 2009 decision of the California Board of Parole Hearings ("Board") denying petitioner parole. Petitioner claims that the Board's decision was not supported by "some evidence" of petitioner's future dangerousness, as required by state law, and thus violated petitioner's federal constitutional right to due process.[2]

---

[2] Petitioner specifically contends (Dkt. No. 1 at 1-63 (reflecting court's electronic pagination)):

Ground One:  The superior court order of denial filed February 25, 2010 is based on an unreasonable application of the California "some evidence" requirement, and/or upon an unreasonable determination of the facts in light of the record and evidence, with no reliable nexus that petitioner would pose an unreasonable risk of danger to public safety if released from custody, violating due process of law under the state and federal constitutions.

Ground Two:  The Board inappropriately relied on a single test from the psychological report taken out of context from the whole in making a decision of unsuitability violating petitioner's rights to a fair and impartial hearing and due process and review of all of the evidence under the federal Constitution[']s due process rights.

Ground Three:  The evidence before the Board was not sufficient to satisfy the "some evidence" standard justifying a denial of parole.

Ground Four:  The Board was concerned with petitioner's parole plans questioning him as to options to his firmly established job, housing and financial plans he had in place. This pre-emptive concern was used as a partial excuse to deny parole suitability, and was not "some evidence."

Ground Five:  Petitioner has met and exceeded the factors in Cal. Code of Regs., Title 15, § 2402 to be found suitable for parole. The Board's findings of unsuitability violates petitioner's due process and equal treatment and protection under the Constitution.

Ground Six:  The Board's reliance on the unchanging, immutable factors, such as petitioner's triggering offense, violates the "liberty interest" invested in every prisoner, and disregards positive rehabilitative efforts made by petitioner.

Ground Seven:  There is no evidence to support the Board's determination that petitioner currently poses an unreasonable risk of danger to public safety if released from prison, therefore the denial of parole violates California Constitution, Article I, Sections 7(a) and 15, and the Fourteenth Amendment to

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause, and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise under the Due Process Clause of the United States Constitution either "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979) (there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made).

California's parole statutes give rise to a liberty interest in parole protected by the federal Due Process Clause. Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence (2008) 44 Cal.4th 1181, 1205-06, 1210; In re Rosenkrantz (2009) 29 Cal.4th 616, 651-53. However, in Swarthout, the Supreme Court held that "[n]o opinion of

---

the Federal Constitution.

[theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 862.  In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented, or relied upon, at a parole proceeding.  Id. at 862-63.  Rather, the protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied."  Id. at 862.  Thus, under Swarthout, petitioner's claims, challenging the factors and sufficiency of the evidence underlying the Board's parole decision, are not cognizable.

The Supreme Court has stated that "the beginning and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum procedures adequate for due-process protection."  Swarthout, 131 S. Ct. at 862.  Respondent has submitted a copy of the transcript of petitioner's January 8, 2009 parole hearing.  (Dkt. No. 1 at 67- 186, plus exhibits.) The transcript reflects that petitioner was present, with counsel, at the hearing, that petitioner was afforded access to his record in advance, that petitioner participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole, including the determination that petitioner remains "unsuitable for parole because [he] remain[s] a present risk of danger if released. . . ."  (Id. at 182.)  According to the United States Supreme Court, the federal Due Process Clause requires no more.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Dkt. No. 5) is granted; and

2. Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is dismissed.

////

////

////

1          SO ORDERED.
2  DATED: June 24, 2011

                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE

6  back1199.scrn.swarth